IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| AMERICAN FREE ENTERPRISE CHAMBER OF COMMERCE,<br><br>*Plaintiff*,<br><br>v.<br><br>ENGINE MANUFACTURERS ASSOCIATION, D/B/A TRUCK & ENGINE MANUFACTURERS ASSOCIATION, et al.,<br><br>*Defendants*. | Case No. 3:24-cv-50504<br>District Judge Iain D. Johnston<br>Magistrate Judge Michael F. Iasparro |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT STEVEN S. CLIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**

Defendant Steven S. Cliff (Cliff) requests judicial notice under Federal Rule of Evidence 201 of "[t]he existence and contents of" three documents: a California Air Resources Board (CARB) Staff Report listing CARB's reasons for adopting a preempted vehicle emissions standard (Exhibit 1), a CARB webpage listing other states that have adopted its unlawful standards (Exhibit 2), and a U.S. Environmental Protection Agency graphic showing counties designated "Nonattainment" or "Maintenance" under federal regulations that preempt CARB's (Exhibit 3). Request for Judicial Notice (RJN) at 1–2, Dkt. 126-2.

The Federal Rules of Evidence provide that only relevant evidence is admissible. Fed. R. Evid. 402. To be relevant, evidence must have a "tendency to make a fact" that "is of consequence in determining the action" either "more or less probable than it would be without the evidence." Fed. R. Evid. 401. The "existence and contents" of the documents Cliff requests judicial notice of

1

do not meet that test. The sole issue for purposes of Cliff's pending motion to dismiss or transfer is whether personal jurisdiction in Illinois is consistent with due process, whether venue is proper, and whether to transfer to the U.S. District Court for the Eastern District of California.

The Staff Report articulating CARB's initial reasons for adopting the Advanced Clean Fleets Rule partially embedded in the "Clean Truck Partnership" (Exhibit A) is not relevant. It might be relevant to the *merits* of Plaintiff's claim insofar as it shows that the Partnership is an attempt to enforce state standards relating to motor vehicle emissions and is thus unlawful, 42 U.S.C. § 7543(a), but it has no relevance to any of the issues raised by Cliff's pending motion. Proving that, Cliff cites the Staff Report only in the background section of his motion in an attempt to curry favor with the Court. *See* Cliff's Motion to Dismiss (MTD) at 2, Dkt. 126.

Plaintiff further objects to judicial notice of all three Exhibits to the extent that they are offered as expert opinion or contain inadmissible hearsay.

Plaintiff does not otherwise oppose Cliff's request for judicial notice as to the "existence" of these three documents, *see* Dkt. 126-2 (RJN), Exs. 1, 2, 3, because courts can "take judicial notice" of the existence of documents on "government websites." *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 648 (7th Cir. 2011).

But the existence of a document alone does not establish that the factual assertions in that document qualify for judicial notice. *See, e.g.*, *id.* at 648–51; *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1084 (7th Cir. 1997) ("A court may only take judicial notice from sources 'whose accuracy cannot reasonably be questioned.'" (quoting Fed. R. Evid. 201(b))); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1000 (9th Cir. 2018) (explaining that "a court cannot take judicial notice of disputed facts contained in … public records"). Rather, a party must

show that each fact in a document for which judicial notice is requested satisfies the standard for judicial notice under Federal Rule of Evidence 201. *See Pickett*, 664 F.3d at 648. This is because "judicial notice is only permitted for adjudicative facts 'not subject to reasonable dispute.'" *Ind. Right to Life Victory Fund v. Morales*, 58 F.4th 1282, 1283 (7th Cir. 2023) (quoting Fed. R. Evid. 201(b)). The Seventh Circuit has cautioned that "courts should strictly adhere to the criteria established by the Federal Rules of Evidence before taking judicial notice of pertinent facts." *Gen. Elec.*, 128 F.3d at 1081; *see also Rowe v. Gibson*, 798 F.3d 622, 629 (7th Cir. 2015) ("There is a high standard for taking judicial notice of a fact.").

 Here, Cliff fails to identify any specific adjudicative facts to be judicially noticed in Exhibits 1, 2, and 3. He instead seeks judicial notice of the entire, undifferentiated "contents" of the three appended documents. That is insufficient because each of the three Exhibits can be construed to assert a multitude of facts, requiring Cliff to show that each meets Rule 201's standard. *See Pickett*, 664 F.3d at 648. Cliff's failure to do so leaves Plaintiff and this Court unable to assess his request. *See id.* at 648–51 (finding error when the district court relied on publicly available information without providing the parties an opportunity to be heard on the specific facts found on websites). Plaintiff thus objects to Defendant's request to judicially notice the "contents of" Exhibits 1, 2, and 3. The Court should also decline to accept "the truth of facts asserted therein." *Gen. Elec.*, 128 F.3d at 1084.

 Further, Cliff fails to meet the Rule 201 standard because the facts contained in the documents are subject to reasonable dispute. CARB's 277-page Staff Report on Advanced Clean Fleets (Exhibit 1) contains a mass of putative expert opinion and hearsay, mostly about irrelevant fleet regulations not embedded in the Partnership, and that CARB plans to repeal because they are

3

entirely unworkable and thus could not receive an EPA waiver even under the prior administration. *See Notice of Public Hearing to Consider Proposed Amendments to the Advanced Clean Fleets and Low Carbon Fuel Standard Regulations*, CARB (July 15, 2025), https://perma.cc/P6DQ-K8NL. The only portion of the Staff Report that is even conceivably relevant to *the merits* of this case is the portion discussing California's ban on internal-combustion trucks by model year 2036 embedded in the Partnership, and Plaintiffs reasonably dispute CARB's bare assertions that this ban is technologically and commercially feasible or will be effective at reducing emissions.

CARB's webpage purporting to list other states that CARB claims have adopted its standards (Exhibit 2), is only relevant to the extent Cliff seeks to prove that Illinois has not adopted California's illegal standards. But Plaintiff doesn't dispute that Illinois has not yet adopted California's illegal standards. Plaintiff concedes that in the Complaint, making judicial notice unnecessary. Second Amended Complaint (SAC) ¶ 89, Dkt. 104. Moreover, CARB's webpage is merely an attempt to compile laws and regulations adopted in other states. But those state laws and regulations are noticeable, and far more authoritative. CARB's webpage has misread other state laws and regulations in the past. For example, for some time, CARB's webpage wrongly stated that Virginia had adopted California's ban on internal-combustion cars and light trucks, even some time after the Attorney General of Virginia clarified that was wrong. *See* Opinion of Attorney General Jason Miyares (June 4, 2024), https://perma.cc/4MJP-EXGK. The authoritative source to understand state law is state law itself, not another state government's webpage.

Cliff's request to seek judicial notice of an informal map of counties failing to meet federal standards (Exhibit 3) is relevant to prove the breathtaking nationwide scope of the Partnership and Cliff's extraterritorial encroachment. *See* SAC. Plaintiffs don't dispute that point; they

4

wholeheartedly agree that the Partnership vastly exceeds Cliff's territorial authority and applies in all or virtually all states, including Illinois. But the authoritative source to determine the legal eligibility of different states to adopt California's standards under Section 177 of the Clean Air Act, 42 U.S.C. § 7507, is not a website. It is EPA's authoritative and judicially noticeable air quality designations promulgated through the Federal Register and codified in the Code of Federal Regulations. *See* 40 C.F.R. § 81.314 (Illinois).

For the foregoing reasons, Plaintiff respectfully objects to judicial notice of all three Exhibits.

Dated: September 11, 2025

/s/ James R. Conde
MICHAEL BUSCHBACHER
JAMES R. CONDE
LAURA B. RUPPALT*
NICHOLAS CORDOVA
BOYDEN GRAY PLLC
800 Connecticut Ave. NW,
  Suite 900
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

**Pro Hac Vice* pending

*Counsel for Plaintiff*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I served a copy of the foregoing document via CM/ECF to all parties.

Dated: September 11, 2025

/s/ James R. Conde
MICHAEL BUSCHBACHER
JAMES R. CONDE
LAURA B. RUPPALT*
NICHOLAS CORDOVA
BOYDEN GRAY PLLC
800 Connecticut Ave. NW,
  Suite 900
Washington, DC 20006
(202) 955-0620
mbuschbacher@boydengray.com
jconde@boydengray.com
lruppalt@boydengray.com
ncordova@boydengray.com

**Pro Hac Vice* pending

*Counsel for Plaintiff*